## Case No. 4,220.

D'WOLF v. BABBETT et al.

[4 Mason, 289.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1826.

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by William P. Mason, Esq.]

Searle, for defendants,

STORY, Circuit Justice, in summing up to the jury, said: If in this case there has been an absolute and unconditional delivery of the sugars to George D'Wolf, unaffected by fraud, the plaintiff is entitled to recover. So far as regards the 102 boxes of sugar delivered on Saturday, as that was after the terms of the personal credit had expired, which the counsel for the plaintiff supposes to exist, the delivery can be maintained as valid, only upon the supposition, that the whole transaction was bona fide, and the defendant, Babbett, waived a compliance with the terms. At that time D'Wolf had failed and assigned his property, and Clapp and Smith had also failed, and Coggeshall failed on Saturday morning. Thus, all the parties to the intended drafts in payment had failed, at the time of the delivery of the 102 boxes on Saturday. The facts were well known to George D'Wolf, and they were utterly unknown to the defendant, Babbett. What then was the conduct of G. D'Wolf to Babbett on Saturday morning? It was an evasive reply to an inquiry respecting the paper to be given for the sugars. Was it not evasive for the purpose of misleading Babbett? My opinion is, that under the circumstances of this case a delivery, procured by a fraud in misleading the vendor by a suppression of facts, and by an effective affirmation of an intention to comply with the terms of sale, which the party at the time knew was impracticable, was such a fraud, that it at all events avoids the delivery, so far as respects the 102 boxes; and the jury, if they believe the facts, ought to find a verdict for the defendants to this extent.

But the other part of the case turns upon a ground equally applicable to the whole of the sugars. The question is, whether this was a contract for an absolute delivery of the sugars upon a personal credit to G. D'Wolf, until his return from Boston, or whether, in the understanding of all parties, a bona fide compliance with the terms of sale, by giving the note, acceptances, &c. was a condition precedent to the absolute delivery of the sugars. The vendor is not divested of his right to retake the goods, if for the convenience of the vendee he has assented to a qualified delivery of the goods, with the understanding, that the property is not absolutely to pass, unless all the terms of sale are complied with. If indeed a personal credit is given to the vendee, and the delivery is absolute and complete under the sale, the vendor has no right to reclaim the property. If, on the other hand, the delivery is conditional, and so understood by the parties, then the vendor does not part with his property until the terms of the sale are complied with. In short, the sale then is merely a conditional sale. Here there is no pretence, that all the terms of the sale have been complied with. They were notoriously broken by the insolvency of the parties, when there had been a part delivery only. No debenture has been given, no note, no acceptance. The question is a question as to the real intentions and bargain between the parties. Did the vendor intend to part with the property absolutely, by giving a personal credit to G. D'Wolf, whether he complied with the terms of sale or not? Or did not both parties understand, that the title by sale was only to be complete by a strict compliance with all its terms, and that any delivery of the goods, in the mean time, was to be deemed conditional, and merely for the convenience of the vendee? As the jury find the fact, their verdict ought to be for the plaintiff or defendant, as to all the sugars, not affected by the fraud. If the delivery was conditional, then the verdict is to be for the defendants; if absolute, then for the plaintiff.

Verdict for defendants.