## Case No. 10,574.

### The ORIOLE.

[1 Spr. 31.] [1]

District Court, D. Massachusetts. July, 1842.

CONDITIONAL SALE OF VESSEL—POSSESSION—
FAILURE OF CONDITION.

1. Where there is a contract for the sale of the vessel and the purchaser is to have a title upon the performance of a condition at a future day, and in the meantime to have possession, if the condition be not performed, the original owner is entitled to the possession.

2. In a suit for such possession it is not necessary to go into all the equities, but only to ascertain the legal title.

In admiralty.

R. H. Dana, Jr., for libellant.
B. F. Hallett, for respondent.

SPRAGUE, District Judge. This is a suit brought by Albert H. Brown, for the possession of the schooner Oriole, to which Ezra C. Andrews sets up an adverse claim. Prior to the 2d November, 1841, Brown was the undoubted owner of this vessel. On that day he entered into an indenture with Andrews with reference to the sale of her, in which Andrews bound himself to do certain acts. Upon the construction of this instrument, and the acts of the parties under it, depends the decision of this cause.

It is contended for the respondent, that this instrument was an absolute sale. This is denied by the libellant, for whom it is also contended that a bill of sale is necessary in admiralty to pass property in a ship. The common law courts of this state have gone far toward holding that the entire property in a vessel may pass without a bill of sale, but courts of admiralty have required it. I need not, however, give an opinion on that point, as this instrument clearly was not intended to convey the absolute property. There are no words of conveyance. Its fair interpretation is, that Andrews should do certain things, upon the performance of which he was to have the legal title, which, in the mean time, was to remain in Brown, as his security.

The legal property then being in Brown, the question arises, has Andrews a special right of possession? I agree with the respondent's counsel, that under this contract he had. But how long was it to last, and how was it to be terminated? His possession was for the purposes of performing his contract, and upon the performance Andrews was to have the legal title added to his possession. Upon the breach of any of the conditions, Brown could divest Andrews of the possession. The next question then, is, has there been a breach of the conditions? (The judge then went through the different conditions, and decided that some of them had been broken.) This was sufficient, especially after notice, to determine the right of possession, without going into the question, as to the other conditions. Brown had therefore a right to resume the possession. I express no opinion as to the forfeiture of the part of the purchase-money paid by the respondent, or the equities between the parties, of which there are many, and which induced me to step somewhat aside, perhaps, from what is expected of the court, in requesting that the whole matter might be referred. But these equities cannot come in to control the present case in admiralty, and must be settled elsewhere.

In the case of The Warrior, 2 Dod. 288, cited at the bar, the court held that there was so much doubt as to the legal title, that it could not decree possession, and refused to interfere. In this case I cannot say that there is such doubt in my mind as to the title, as should induce a court of admiralty to refuse its aid.

Decree of possession to the libellant, with costs.