## COLE v. BERRY.

1. Delivery of possession under a conditional contract of sale, which stipulates that the goods shall remain the property of the vendor until the contract price be paid, will not pass title to the vendee until the condition be performed.

2. A vendor who delivers the possession of a chattel under an executory contract of sale, on condition that the property shall not pass until payment of the contract price, may forfeit his property by conduct which the law regards as fraudulent. But where the case presents no other features than that the vendor has entered into a contract of sale on credit, and has delivered the goods to the vendee, upon an agreement that they shall remain the property of the vendor until payment of the purchase money be made, the transaction is not fraudulent *per se*, and the property in the goods will remain in the vendor until payment be made, without being subject to execution at the suit of creditors of the vendee, and the title of the vendor will be preferred to that of purchasers from the vendee.

3. Distinction between a vendor's right to rescind the sale for fraud, and his right to resume possession under a conditional contract of sale, where the condition has not been performed, stated.

On *certiorari* to Hunterdon Pleas.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff in *certiorari*, *R. S. Kuhl.*

*Contra, C. Van Syckel.*

The opinion of the court was delivered by

DEPUE, J.   Cole sued Berry, in trespass, for seizing and selling a sewing machine.   Berry, as one of the constables of

the county of Hunterdon, seized and sold the machine under and by virtue of a writ of attachment issued out of the justice's court, against one Gustave Wetzel. Cole was the owner of the machine. He entered into a contract for the sale of it to Wetzel, the terms of which appear in the following agreement in writing:

"ANNANDALE, June 26th, 1876.

"Whereas, the subscriber have this day purchased of Josiah Cole one Domestic sewing machine, for the sum of fifty-five dollars, for which I have given fifteen dollars in cash, and my note for forty dollars, payable in instalments of five dollars a month, and I have allowed him to take the machine in his possession: Now, it is agreed that the said machine is to be and remain the property of the said Cole, and be subject to his control, until the same is actually paid for in cash.

"GUSTAVE WETZEL."

Cole delivered the machine to Wetzel, under this arrangement, and it was in the possession of the latter when it was levied on by the defendant. For the $15, which, by the agreement, was payable in cash, Wetzel gave a due-bill, payable in eight days. For the balance of the contract price, Wetzel gave a note, payable according to the terms of the agreement. Neither the due-bill nor the note has been paid. On the trial, the court gave judgment for the defendant, on the ground that the written agreement was fraudulent and void, and that the plaintiff had no title to the machine when it was attached.

The agreement is inartistically drawn. It leaves it in some doubt whether, in legal import, the paper is to be considered as a "mortgage, or conveyance intended to operate as a mortgage," within the thirty-ninth section of the act concerning mortgages, (Rev., p. 709,) or as containing the terms of a contract of sale between the parties. The court below evidently regarded it in the latter aspect, for there is no mention in the case of the filing or non-filing of the instrument as a chattel mortgage. Taken in connection with the other evi-

dence, the transaction is susceptible of such an interpretation, and I will adopt that construction for present purposes. I do so the more readily as either construction presents for examination the soundness of the reason on which the judgment of the court was based.

The legal proposition which entered into the judgment below is either that a contract for the sale of a chattel, followed by delivery to the vendee, passes title to the vendee, although it be one of the terms of the contract that the title shall not pass until the contract price be paid, or that such an agreement is, *per se*, fraudulent and void, as against creditors of the purchaser.

Neither of the foregoing propositions contains a correct exposition of the law. No rule of law is better settled than that, in the sale of chattels, property will pass or not, according to the intention of parties, as expressed in the contract of sale. "It is a general rule that when a man hath a thing, he may condition with it as he will." *Shep. Touch.* 118. Mr. Benjamin states the general rule in this language: "Where the buyer is, by the contract, bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer." *Benj. on Sales* 222.

Payment of the contract price is one of the most usual conditions on which the transfer of title depends. It is generally a condition to be performed simultaneously with delivery. If such be the contract, a waiver of the condition may be presumed from an unconditional delivery, without exacting payment, and in the absence of explanatory proof, the property will vest in the purchaser. 2 *Kent* 496; *Smith* v. *Lynes*, 1 *Seld.* 41; *Carleton* v. *Sumner*, 4 *Pick.* 516; *Smith* v. *Dennie*, 6 *Id.* 262–266; *Farlow* v. *Ellis*, 15 *Gray* 229. But where the delivery is conditional, as where the parties have stipulated that, notwithstanding delivery, the title shall not pass until the contract price be paid, property in the chattel will

Cole v. Berry.

not pass to the vendee until payment be made. The vendor's title is not divested by a conditional delivery, if the terms of sale, with respect to payment, be not complied with. *D' Wolf* v. *Babbett*, 4 *Mason* 289 ; *Copland* v. *Bosquet*, 4 *Wash. C. C.* 588 ; *The Oriole*, 1 *Sprague* 31 ; *Parsons on Contracts* 537. In *Ballard* v. *Burget*, 40 *N. Y.* 314, Grover, J., styles such a contract an executory agreement that the title shall pass on the happening of the stipulated event—the payment of the price. Mr. Story distinguishes it from a purely executory contract in this particular : that an executory contract is absolutely to sell at a future time, and a conditional contract is conditionally to sell. In the one case, he says the performance of the contract is suspended, and transferred to a future time ; in the other, the very existence and performance of the contract depends upon a contingency. *Story on Contracts,* § 246.

As between the immediate parties to the contract, the principle above mentioned is inflexibly adhered to. There is some diversity of views with respect to its application as against creditors of the vendee and *bona fide* purchasers from him, for full value. In some of the courts, it has been held that conditions in contracts of sale, that title shall not pass until payment of the purchase money, are not good as against those claiming under the vendee as creditors or purchasers, when possession is delivered to the vendee. Another class of cases hold that, while conditions of this character are valid as against the creditors of the vendee, they are invalid as against *bona fide* purchasers from him. These decisions are the outcome of the doctrine that upon a sale of chattels, possession inconsistent with the actual title, is, *per se*, fraudulent and void, as against creditors and *bona fide* purchasers. This doctrine is not in force in this state. Our courts have held that a possession which is consistent with the agreement between the parties, is not, of itself, actually or constructively fraudulent. *Runyon* v. *Groshon*; 1 *Beas.* 86 ; *Broadway Bank* v. *McElrath*, 2 *Id.* 24 ; *Miller* ads. *Pancoast*, 5 *Dutcher* 250. A vendor who delivers possession of chattels to his vendee,

under an executory contract that the title shall pass on payment of the contract price, may forfeit his property by conduct which the law regards as fraudulent, as where, in addition to possession, he clothes the vendee with an apparent title, on the faith of which, third persons are induced to act in giving credit or in becoming purchasers, or where he knowingly permits the vendee to exercise acts of ownership over the property, inconsistent with only a qualified right of possession, to the injury of others. In such cases, the question of fraud becomes one of fact, to be decided by a jury upon the circumstances of the particular case. But where the case presents no other features than that the vendor ·has entered into a contract of sale on credit, and has delivered the goods to the vendee, upon an agreement that they shall remain the property of the vendor until payment of the purchase money, the property in the goods remains in the vendor until payment be made, without being subject to execution at the suit of the creditors of the vendee, and the title of the vendor is preferred to that of purchasers from the vendee.

Possession by the vendee, under a contract of sale containing a stipulation, whether verbal or in writing, that the property shall not pass until payment of the contract price, is not fraudulent, and creditors of the vendee cannot seize the property under execution until the condition be performed. *Bump on Fraud. Con.* 150. In *Herring* v. *Hoppock*, 15 *N. Y.* 409, the plaintiff delivered a safe to Brooks & Hopkins, on a contract of sale as follows :

"NEW YORK, February 6th, 1852.

" Received from Silas C. Herring one Salamander patent safe, No. 4910, delivered to us this day, under a bargain for the sale thereof, and for which we have given our note at six months, for $235. And it is expressly understood that Herring neither parts with, nor do we acquire any title to said safe, until said note is fully paid; and in case of default in the payment thereof, at maturity, said Herring is hereby authorized to enter our premises and take and remove said safe, and collect all reasonable charges for the use of the same.

" BROOKS & HOPKINS."

Brooks & Hopkins failed to pay the note mentioned in the agreement, and on the 9th of August, 1852, it was protested for non-payment. On the 26th of June, 1852, the safe was seized and sold by the sheriff, under executions against Brooks & Hopkins. In an action for wrongfully taking and converting the safe, the court held that, under the contract in question, the property of the vendor was not divested, and that he could recover its value of the execution creditor, by whose direction the safe was sold, under an execution against the vendee. In *Cole* v. *Mann,* 3 *N. Y. Sup. Ct.* 380, the plaintiffs, who were dealers in pianos, shipped a piano to one Jenne, under an agreement that the piano should remain the property of the plaintiffs till paid for, and that if Jenne made sale of the piano, he should remit proceeds sufficient to pay a note he gave for the contract price. It was held as against an execution creditor of the consignee, that title did not pass from the consignor, and that the property was not liable to levy and sale under an execution against the consignee.

As to creditors, a sale and delivery of a chattel, on condition that the title shall remain in the vendor until the price be paid, vests no title in the vendee before payment, which shall be subject to levy under an execution against the vendee. *Marston* v. *Baldwin,* 17 *Mass.* 606; *Blanchard* v. *Child,* 7 *Gray* 155; *Porter* v. *Pettengill,* 12 *N. H.* 299; *McFarland* v. *Farmer,* 42 *Id.* 386; *Gaylor* v. *Dyer,* 5 *Cranch C. C.* 461; *Strong* v. *Taylor,* 2 *Hill* 326; *Forbes* v. *Marsh,* 15 *Conn.* 384–395.

With regard to purchases from a vendee in possession under a contract of sale, a distinction is observed between the vendor's right to rescind the sale for fraud, and his right to resume possession where goods have been delivered under a conditional contract of sale. Where the sale is upon credit, but is absolute in terms, and the vendor intends to transfer property as well as possession, the property passes to the vendee, by the contract of sale, leaving in the vendor only a right of rescission for fraud. He may, in that case, re-possess himself of the property, notwithstanding a levy upon it,

under an execution against the vendee. *Williamson* v. *N. J. S. R. R. Co.*, 2 *Stew.* 311. The title passing to the vendee, by the contract, and being vested in him until the sale be disaffirmed, an innocent purchaser for value may, before disaffirmance of the sale, acquire an indefeasible title, though the sale be voidable as between the original parties. *White* v. *Garden*, 10 *C. B.* 919 ; *Stevenson* v. *Newnham*, 13 *C. B.* 285–302 ; *Mowrey* v. *Walsh*, 8 *Cow.* 238 ; *Root* v. *French*, 13 *Wend.* 570 ; *Hoffman* v. *Noble*, 6 *Metc.* 68. But where the vendee is in possession under a conditional contract of sale, he has no property to convey to a purchaser, and the vendor's title never having been divested, he may reclaim the property, if the condition be not performed, even as against a purchaser for value in good faith. In *Ballard* v. *Burgett*, 40 *N. Y.* 315, the contest was between the vendor and a *bona fide* purchaser of the property from the vendee. The court held that, under a conditional contract to purchase, one of the terms of which was that the chattel which was delivered to the vendee, should remain the property of the vendor until the contract price was paid, the title remained in the vendor against a *bona fide* purchaser, who bought of the vendee in good faith, and paid full value, without notice of the rights of the vendor. Decisions of other courts to which we are accustomed to look for correct expositions of the common law, are to the same effect. *Dresser Mfg. Co.* v. *Waterston*, 3 *Metc.* 9 ; *Coggill* v. *Hartford and New Haven R. R. Co.*, 3 *Gray* 545 ; *Sargent* v. *Metcalf*, 5 *Id.* 306 ; *Burbank* v. *Crooker*, 7 *Id.* 158 ; *Deshon* v. *Bigelow*, 8 *Id.* 159 ; *Hirschorn* v. *Canney*, 98 *Mass.* 149 ; *Zuchtman* v. *Roberts*, 109 *Id.* 53 ; *Benner* v. *Puffer*, 114 *Id.* 376 ; *D' Wolf* v. *Babbett*, 4 *Mason* 289 ; *Copland* v. *Bosquet*, 4 *Wash. C. C.* 508 ; *Tibbetts* v. *Towle*, 12 *Me.* 341 ; *Haven* v. *Emery*, 33 *N. H.* 66 ; *Kimball* v. *Jackman*, 42 *Id.* 242.

The cases cited above as holding the doctrine that, on a conditional sale, property continues in the vendor as against creditors of and purchasers from the vendee, though possession is delivered to the latter, are it seems to me, founded on correct principles. In Pennsylvania, a distinction is taken

between delivery under a bailment, with an option in the bailee to purchase at a named price, and a delivery under a contract of sale containing a reservation of title in the vendor until the contract price be paid, it being held that, in the former instance, property does not pass as in favor of creditors and purchasers of the bailee, but that, in the latter instance, delivery to the vendee subjects the property to execution at the suit of his creditors, and makes it transferable to *bona fide* purchasers. *Chamberlain* v. *Smith*, 44 *Penna. St.* 431 ; *Rose* v. *Story*, 1 *Penna. St.* 190; *Marsh* v. *Mathiot*, 14 *S. & R.* 214; *Haak* v. *Linderman*, 64 *Penna.* 499. This distinction is discredited by the great weight of authority, which puts possession under a conditional contract of sale and possession under a bailment, on the same footing—liable to be assailed by creditors and purchasers for actual fraud, but not fraudulent *per se.* Besides the cases already cited on that subject, numerous decisions of like import are referred to by Mr. Perkins, in his edition of *Benjamin on Sales*, § 320, note. From the hypothesis that, *inter partes*, no title passes to the vendee, under a contract of sale which is conditional as to the transfer of title, until the condition is performed, the only deduction that can rationally be made is that, in such a transaction, the title of the vendor must also prevail over the rights of the creditors of a purchaser from the vendee, whose rights cannot rise higher than the source from which they are derived, unless they can show a title superior to that of the vendee whom they represent, arising from some conduct of the vendor, which the law denominates as fraudulent. Possession is evidence of title, but is not title, and in this state, possession by a party, not in accordance with the actual state of the title, is not, *per se*, fraudulent.

The judgment should be reversed.